UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| CALEDONIAN SWISS INVESTMENTS, S.A. a Swiss Corporation, and JOHN TAYLOR, individually,<br><br>           Plaintiffs,<br><br> v.<br><br>SPTL VENTURES, LLC, a Nevada Limited Liability Corporation, ROBERT L. KEYS, CHARLES S. LEWIS, CHRISTOPHER L. ROHDE, KEITH BUCK,<br><br>           Defendants. | 3:04-cv-0275-LRH-RAM<br><br>O R D E R |

      Presently before the court is Defendant Robert L. Keys' ("Keys") Renewed Motion to Dismiss (Docket No. 40). Plaintiffs have filed an Opposition (Docket No. 47), to which Defendant Keys has filed a Reply (Docket No. 50). Keys ("Keys") argues that the claims against him should be dismissed because the court does not have personal jurisdiction over him. For the following reasons, the court finds that Plaintiffs have failed to make a prima facie showing that personal jurisdiction exists, and the case against Keys will be dismissed.

**I. BACKGROUND**

      This action arises between Plaintiffs Caledonian Swiss Investments, S.A. ("CSI"), a Swiss corporation and John Taylor, a resident of the United Kingdom and, among other Defendants, Keys, an Arizona resident. In their complaint, Plaintiffs allege causes of action based on breach of

contract, intentional fraudulent misrepresentation, negligent fraudulent misrepresentation, and fraudulent concealment.

## II. DISCUSSION

Nevada law provides that once a defendant challenges jurisdiction, "a plaintiff may make a prima facie showing of personal jurisdiction prior to trial and then prove jurisdiction by a preponderance of evidence at trial." *Trump v. District Court*, 857 P.2d 740, 743 (Nev. 1993). In order to make a prima facie showing, plaintiff "has the burden of introducing competent evidence of essential facts which establish . . . that personal jurisdiction exists." *Id*. (quoting *Abbott-Interfast v. District Court*, 821 P.2d 1043, 1044 (1991)). "In determining whether a *prima facie* showing has been made, the district court is not acting as a fact finder. It accepts properly supported proffers of evidence by a plaintiff as true." *Id*. at 744 (citing *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992). "[W]hen factual disputes arise in a proceeding that challenges personal jurisdiction, those disputes must be resolved in favor of the plaintiff." *Id*. (quoting *Levinson v. District Court*, 742 P.2d 1024, 1026 (Nev. 1987). In order to obtain personal jurisdiction over a non-resident, two factors must be satisfied: Nevada's "long arm" statute must permit jurisdiction, and the exercise of jurisdiction must comport with due process requirements. *See Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). The party seeking to invoke the jurisdiction of the federal court bears the burden of establishing that such jurisdiction exists. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977).

Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with state and federal constitutions. Nev. Rev. Stat. § 14.065(1). Therefore, the question becomes whether the exercise of personal jurisdiction over Keys is proper in that it comports with traditional notions of fair play and substantial justice as required by the Constitution. *See Hoad v. Sweetwater Int'l*, 857 F.Supp. 1420, 1424 (D.Nev. 1994) (stating that Nevada's long-arm statute reaches the outer limits of federal constitutional due process.). As set forth below, the court finds that it does

not.

Federal due process requires "minimum contacts" between a defendant and Nevada "in order that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Tweet v. Webster*, 596 F.Supp. 130, 134 (D.Nev. 1984) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).  Due process is, in turn, analyzed by considering whether personal jurisdiction is either "general" or "specific." *See, e.g.*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Graziose v. American Home Products Corp.*, 161 F.Supp.2d 1149, 1152 (2001).  General jurisdiction provides for jurisdiction without consideration of the claim asserted, if a defendant's activities in the forum state can fairly be characterized as "continuous and systematic." *Helicopteros*, 466 U.S at 414-15.  "Continuous and systematic" is a "fairly high standard in practice." *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).

Specific jurisdiction, in contrast, only gives the court power over a nonresident where plaintiff's claims "arise out of or relate to" the defendant's particular activities in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); *Helicopteros*, 466 U.S. at 414.  Specific jurisdiction does not require continuous and systematic contacts with the forum state, but certain "minimum contacts" must exist in order to establish specific jurisdiction. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (1993).

It is evident that Keys does not conduct substantial or continuous and systematic activities in the State of Nevada.  Plaintiffs' complaint does not allege facts showing that Keys' activities in Nevada even approach the "continuous and systematic" standard, and they have not argued the point in their Opposition.  Therefore, this court must determine whether Keys has "minimum contacts" with the forum sufficient to subject him to "specific jurisdiction." *Core-Vent*, 11 F.3d at 1485.  The Ninth Circuit analyzes whether a nonresident defendant has sufficient "minimum contacts" with the forum state by applying the following three-prong test:

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Core-Vent*, 11 F.3d at 1485 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

Thus, in order to make a prima facie showing of specific personal jurisdiction, Plaintiffs must present competent evidence that their claims arise out of or are related to Keys' forum-related activities. *Id.*; *see also Trump v. District Court*, 857 P.2d 740, 743 (Nev. 1993). However, Plaintiffs have failed to produce any authenticated evidence that would support a finding of personal jurisdiction over Keys. In their Opposition, Plaintiffs attach two types of unauthenticated "evidence." The first appears to be a print-out of information from the Nevada Secretary of State's Corporate division for an LLC called CRC Resources, LLC. The other documents appear to be various pieces of correspondence: several letters from Plaintiff Taylor to Defendant Lewis; one letter from Defendant Lewis to Lawrence Jones; and two emails of indeterminate delivery and origin.

Keys urges this court to disregard the attached "evidence" as inadmissible. Plaintiffs have not attached an affidavit or declaration explaining its attachments, and, standing alone, the documents do not appear to be admissible evidence. However, even if the court were to consider the attached documents as evidence, it would still find that Plaintiffs have failed to make a prima facie showing that this court has personal jurisdiction over Keys in this matter.

The Corporate Information Page allegedly from the Nevada Secretary of State is for CRC

Resources, LLC, ("CRC Resources") which corporation is noticeably absent from Plaintiffs' complaint. Plaintiffs now allege, without evidence, that CRC Resources was formed for the purpose of purchasing Plaintiff Caledonian Swiss Investments. However, they have provided the court with no evidence to support that claim. The information page itself lists as members or managers Defendant Robert L. Keys, Defendant Charles L. Lewis, and Carl A. Erickson. Again, however, there is absolutely no evidence that links CRC Resources to Plaintiffs' claims in this case.

As for the various pieces of correspondence (which also lack any type of authentication), the court finds that they do not sufficiently implicate Keys to the extent that the court could find that Keys's activities in Nevada gave rise to the current lawsuit. Instead, Keys's name is mentioned in passing at two different points in the correspondence. Plaintiffs would urge this court to accept the mention of his name as evidence that Keys had employed Defendants Lewis and Rhode as his agents in Nevada. Nonetheless, Plaintiffs have failed to provide the court with any evidence that would support such a finding. At this point, there is simply no evidence, admissible or otherwise, that Keys conducted an activity in Nevada that gave rise to Plaintiffs' claims, and Plaintiffs have failed to make a prima facie showing that this court may exercise personal jurisdiction over Keys.[1]

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Keys' Motion to Dismiss (Docket No. 40) is GRANTED. Defendant Keys is hereby DISMISSED from the current lawsuit.

IT IS SO ORDERED.

DATED this 31st day of March, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Of course, the court's order does not preclude Plaintiffs from seeking to join Keys as a Defendant in this case at some later date if they are prepared to present evidence of personal jurisdiction.

5